UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

NATASHA PARKS,

                Plaintiff,

-against-

CITY OF NEW YORK; Police Officer ALISA COLON, Shield No. 19297; Police Officer KEVIN NOONAN, Shield No. 4259; Police Officer WILLIAM PATERNO, Shield No. 28018; Police Officer MIVONI PEREZ, Shield No. 12474; Police Officer AWAZ RAPHIQUE; Shield No. 7582; Police Officer ADAN ROSA, Shield No. 7253; and JOHN and JANE DOE 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                Defendants.
------------------------------------------------------------------ x

**SECOND AMENDED COMPLAINT**

Jury Trial Demanded

10 CV 7881 (GBD)

## NATURE OF THE ACTION

1.  This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

3.  The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.      Plaintiff demands a trial by jury in this action.

## PARTIES

6.      Plaintiff Natasha Parks, an African-American female who has no prior arrests, is a resident of the State of New York.

7.      Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8.      Defendant Police Officer Alisa Colon ("Colon"), Shield No. 19297, at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Colon is sued in her individual and official capacities.

9.      Defendant Police Officer Kevin Noonan ("Noonan"), Shield No. 4259, at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Noonan is sued in his individual and official capacities.

10.     Defendant Police Officer William Paterno ("Paterno"), Shield No. 28018, at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Paterno is sued in his individual and official capacities.

11. Defendant Police Officer Mivoni Perez ("Perez"), Shield No. 12474, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Perez is sued in her individual and official capacities.

12. Defendant Police Officer Awaz Raphique ("Raphique"), Shield No. 7582, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Raphique is sued in his individual and official capacities.

13. Defendant Police Officer Adan Rosa ("Rosa"), Shield No. 7253, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Rosa is sued in his individual and official capacities.

14. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

15. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

16. At all times relevant herein, all individual defendants were acting under color of state law.

## **STATEMENT OF FACTS**

17. On the afternoon of March 29, 2010, plaintiff went with her seventeen year-old sister to the Pay/Half department store located at 2155 White Plains Road in Bronx County.

18. Plaintiff was a witness to an altercation between her sister and a security guard in the store.

19. The individual defendants arrived at the scene along with a store manager.

20. The individual defendants attempted to interrogate plaintiff's minor sister outside of plaintiff's presence.

21. Plaintiff objected to the interrogation of her minor sister outside of her presence.

22. One of the individual defendants, believed to be defendant Colon or Perez, then attempted to force plaintiff to the ground.

23. Plaintiff was tightly handcuffed and dragged out of the store by two of the male individual defendants.

24. In front of the store, one of the male individual defendants grabbed plaintiff's hair and slammed her head twice onto the trunk of the car.

25. The individual defendants then conducted an unlawful search of plaintiff's person.

26. Plaintiff was crying and began to experience a migraine headache that lasted approximately a week.

27. The individual defendants then forced plaintiff into a police car and attempted to slam the door on her foot.

28. Plaintiff repeatedly asked the individual defendants to loosen her excessively tight handcuffs but they refused.

29. Plaintiff was driven to a police precinct and held for approximately two hours before being taken to Central Booking.

30. At Central Booking plaintiff asked for medical treatment but was told it would lengthen her time in custody.

31. After approximately twenty-four hours in custody, plaintiff was arraigned on fabricated charges including Obstructing Governmental Administration, Resisting Arrest, Attempted Assault, Harassment and Disorderly Conduct.

32. A non-party civilian witness to the mistreatment of plaintiff contacted the CCRB.

33. Plaintiff's wrists were injured as a result of the excessively tight handcuffing with pain lasting over a month.

34. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty, assaulted, battered, suffered emotional distress, mental anguish, fear, anxiety, embarrassment, humiliation and damage to her reputation.

## **FIRST CLAIM**
42 U.S.C. § 1983

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

## **SECOND CLAIM**
FALSE ARREST

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. Defendants violated the Fourth Amendment because they arrested plaintiff without probable cause.

## **THIRD CLAIM**
UNREASONABLE FORCE

39. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40. Defendants violated the Fourth Amendment because they used unreasonable force on plaintiff.

## FOURTH CLAIM
UNLAWFUL SEARCH

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. Defendants violated the Fourth Amendment because they searched plaintiff without reasonable suspicion.

## FIFTH CLAIM
FAILURE TO INTERVENE

43. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

45. Accordingly, the defendants who failed to intervene violated the Fourth Amendment.

## SIXTH CLAIM
DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL

46. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47. The individual defendants created false evidence against plaintiff.

48. The individual defendants forwarded false evidence to prosecutors in the Bronx County District Attorney's office.

49. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

50. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
MALICIOUS ABUSE OF PROCESS

51. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52. The individual defendants issued legal process to place plaintiff under arrest.

53. The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to frame plaintiff for crimes she had not committed, improve their arrest statistics and further their careers.

54. The individual defendants acted with intent to do harm to plaintiff without excuse or justification.

55.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
*MONELL*

56.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

57.     This is not an isolated incident.  The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

58.     The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

59.     The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

60.     Federal judges have also recognized such a custom and practice of police officers.  According to the Honorable Jack B. Weinstein:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification

>by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration-through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

Colon v. City of New York, 09 Civ 08, 09 Civ 09 (JBW) (E.D.N.Y. Nov. 25, 2009).

61. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

62. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   February 15, 2011
         New York, New York

_____
GABRIEL P. HARVIS
HARVIS & SALEEM LLP
*Attorneys for plaintiff*
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@harvisandsaleem.com